IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ELADIO GARCIA<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. ____________ |
| JOHN DOE(S)<br>*Defendants* | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Eladio Garcia, Plaintiff, by and through undersigned counsel, and hereby files this Original Complaint against Defendants John Doe and City of Alamo, Tx and would respectfully show the Court and jury the following:

## I. NATURE OF THE CASE

**THE CLAIM:** Defendant(s) John Doe(s) used excessive force against ELADIO GARCIA, in violation of his individual rights under the Fourth Amendment to the United States Constitution when he shot Mr. Garcia with his firearm on September 16, 2024. These uses of force occurred without factual or legal cause to do so. Mr. Garcia's injuries resulted directly and only from this clearly excessive use of force; and the excessiveness of that force was clearly unreasonable.

## II. PARTIES

1. Plaintiff, Eladio Garcia, is a resident of Alamo, Texas.

2. The City of Alamo, Texas, is a political subdivision of the State of Texas and the City of Alamo Police Department is an agency operated thereunder.

3. The CITY OF ALAMO POLICE DEPARTMENT is funded and operated by the CITY

OF ALAMO, TX City Council. Mayor J.R. Garza is the chief elected officer of the CITY OF ALAMO. City Manager Saul Solis is the chief executive officer of the CITY OF ALAMO.

4. Mayor J.R. Garza and Acting City Manager Saul Solis are responsible for implementing the policies and decisions of the CITY OF ALAMO City Commission as the City's primary administrators.

5. Mayor J.R. Garza, Acting City Manager Saul Solis, and the City of Alamo Commission are tasked with appropriating, reviewing, and implementing the CITY OF ALAMO POLICE DEPARTMENT's budget, policies, procedures, practices, and customs, including the acts and omissions related thereto.

6. Saul Solis is the Chief of Police of the CITY OF ALAMO POLICE DEPARTMENT and the primary policymaker tasked with creating, implementing, and reviewing the department's policies, procedures, practices, and customs.

7. The CITY OF ALAMO, TX may be served by and through Mayor J.R. Garza, Alamo City Hall, 420 N. Tower Road, Alamo, Texas 78516.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants JOHN DOE are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsibly or legally liable for the acts, omissions, and occurrences alleged herein. Plaintiff will amend this Complaint to state the true names and capacities of these John Doe Defendants when their identities have been ascertained through discovery and will effectuate service of process upon them at that time.

## III.
## JURISDICTION

9. The subject matter in controversy and damages sought are within the jurisdictional limits of this court.

10. This Court also has jurisdiction over this suit under 42 U.S.C. §1983.

11. Venue is appropriate in Southern District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in the City of Alamo, Texas, which is in the McAllen Division of the Southern District of Texas.

## IV.
## FACTS

12. On or about September 14, 2026, at approximately 2:40 a.m., officers with the Alamo Police Department responded to a reported "disturbance in progress" at a residence located on the 300 block of East Crockett Avenue in Alamo, Texas.

13. The residence was occupied by Irlanda Castellanos and her husband, Eladio Garcia, a 56-year-old male, who were separated at the time.

14. Following a verbal argument, both Ms. Castellanos and Mr. Garcia attempted to leave the residence in their respective vehicles.

15. While Mr. Garcia was operating his vehicle, Alamo Police Department officers commanded him to stop driving.

16. In a statement to local news, The City of Alamo claimed that Mr. Garcia failed to comply with orders, attempted to flee the scene, and directed or drove his vehicle toward an officer or officers, prompting the discharge of a service weapon.

17. Plaintiff ‘s wife, Irlanda Castellanos, directly contradicted the City’s account in her interview(s) with local news. Plaintiff alleges that Mr. Garcia was attempting to comply with police orders by maneuvering his vehicle into a designated parking spot.

18. While Mr. Garcia was attempting to park the vehicle, an Alamo Police Department officer or officers fired multiple rounds into the vehicle.

19. At no point during the encounter did Mr. Garcia direct his vehicle toward any officer, nor did his actions place any officer’s life or physical safety in imminent danger.

20. Defendant(s) John Doe(s) failed to provide Mr. Garcia a reasonable opportunity to safely park or secure the vehicle before escalating the encounter to deadly force.

21. As a direct and proximate result of the Defendant Officer's discharge of firearms, Mr. Garcia sustained severe, life-threatening gunshot injuries, including severe trauma to his face.

22. Following the shooting, Mr. Garcia was transported to a local medical facility, where he was hospitalized under critical care.



(ILLUSTRATION A)



(ILLUSTRATION B)

23. The shooter's identity is central to resolving the competing accounts of the City and Mr. Garcia's wife.

24. Through counsel, Plaintiff requested the Department's press release to local news. A City Clerk replied on 26 August 2026 that "there were no press release (or press releases) made regarding said shooting." That response neither reconciled the Department's public statement nor identified the shooter, whose identity is crucial to potential vindication of Mr. Garcia's constitutional rights.

## V.
## CAUSES OF ACTION

### COUNT ONE
### EXCESSIVE FORCE
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. §1983 Against Defendant(s) John Doe(s)

25. The allegations contained in Paragraphs 12-24 are herein incorporated by reference, the same as if fully set forth verbatim for all purposes of this pleading.

26. The Civil Rights Acts of 1871, now codified as 42 U.S.C. §1983 as federal law, provides: *"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."* 42 U.S.C. This Court also has jurisdiction over this suit under 42 U.S.C. §1983.

27. 42 U.S.C. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or law of the United States. As such, Plaintiff alleges that Defendant(s) John Doe(s) deprived Plaintiff of his Fourth Amendment rights, and those rights, privileges, and immunities applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia*:

a. By using excessive force and/or deadly force in the course of Defendants' unclear attempted detention and custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully shot with a firearm by Defendant(s) John Doe(s). Said actions resulted directly and only from the use of force that was clearly excessive in the need for force, and the excessiveness of which was objectively unreasonable.

28. Defendant John Doe's actions and/or omission were not "objectively reasonable" in light of the facts and circumstances confronting him/them. Clearly, careful attention to the facts and circumstances of this case demonstrates the unreasonableness of Defendant(s) John Doe'(s) actions.

29. Because Plaintiff was shot, it was improper for Defendant(s) John Doe(s) to deem excessive and/or deadly force was warranted and/or required when confronting Plaintiff.

30. For these and other reasons, it was objectively unreasonable for Defendant(s) John Doe(s) to shoot Plaintiff with his/her/their firearm, causing him serious and debilitating bodily injuries.

## VI.
## EXPEDITED MOTION TO IDENTIFY JOHN DOE DEFENDANTS

31. Immediately after the filing of this Original Complaint, Plaintiff will file an *Expedited Motion to Identify John Doe Defendants* seeking to discover the identity of the City of Alamo officer or officers responsible for shooting Mr. Garcia.

32. As outlined further in that motion, Mr. Garcia seeks leave of this honorable Court to conduct limited discovery to ascertain the identities of the appropriate City of Alamo officer(s).

## VII.
## DAMAGES

33. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock.

34. Said injuries have caused Plaintiff to incur special damages, which include but are not

limited to lost wages and medical expenses.

35. Pursuant to the Civil Rights Attorney's Fee Award Act, 42 U.S.C.S §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial of the merits, Plaintiff recovers compensatory damages against Defendants, jointly and severally, and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all prejudgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

RESPECTFULLY SUBMITTED,

**WEBB CASON & MANNING, PC.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone: (361) 887-1031
Facsimile: (361) 887-0903

/s/ *Matthew S. Manning*________
MATTHEW S. MANNING
Texas Bar No. 3504172
State Bar No. 24075847
matt@wcctxlaw.com
*** E-Service Email:**
**service@wcctxlaw.com**
*** E-Service is only accepted at the above designated e-service e-mail address.**
**ATTORNEY FOR PLAINTIFF**